SCOTT N. SCHOOLS, S. Carolina Bar No. 9990
United States Attorney

THOMAS MOORE (ASB 4305-078T)
Assistant United States Attorney
Acting Chief, Tax Division
9th Floor Federal Building
450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102
Tel. No. (415) 436-6935

THOMAS M. ROHALL, Wash. St. Bar No. 12201
Special Assistant United States Attorney
4330 Watt Ave., Suite 470
Stop No. SA 2801
Sacramento, CA 95821-7012
Tel. No. (916) 974-5700
Fax No. (916) 974-5732

Attorneys for United States of America

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re: | Case No.: 06-42425-LT-11 |
| | CHAPTER 11 |
| DEAN GORDON POTTER, | |
| | **UNITED STATES MOTION TO** |
| Debtor. | **WITHDRAW REFERENCE AND TO** |
| | **TRANSFER VENUE** |
| | |
| | Hearing Date: None yet set |
| | Hearing Time: |

The United States of America, on behalf of its agency, the Internal Revenue Service, by and through its undersigned attorneys, hereby moves pursuant to 28 U.S.C. § 157(d) and Rule 5011(a) of the Federal Rules of Bankruptcy Procedure for mandatory withdrawal of this Court's reference to the United States Bankruptcy Court for the Northern District of California, with respect to the debtor, Dean Gordon Potter's (hereinafter debtor) federal tax disputes[1]. The United States also moves pursuant to 28 U.S.C. § 1412 for a transfer of venue if the Court grants the United States Motion to Withdraw the Reference.

---

[1] The United States does not seek to withdraw the reference with respect to the entire bankruptcy case.

U.S. Motion to Withdraw Reference and Change Venue          -1-

1  IN SUPPORT THEREOF, the United States shows unto the Court the following:

2  1) On December 12, 2006, debtor filed a voluntary chapter 11 petition.

3  2) On April 9, 2007, the debtor filed an Adversary Complaint (Adv. No. 07-04066-LT) against the United States seeking a refund of income taxes with respect to the debtor's 1998 income tax year.

3) On or about June 28, 2007, debtor filed an Objection to Claim of the Internal Revenue Service. Collectively the Objection to Claim and the above Adversary Complaint will be referred to as the "Federal Tax Disputes."

4) On May 29, 2007, Unico Services, Inc. filed a tax refund suit in the United States District Court for the Eastern District of California. *Unico Services Inc. v. United States*, case no. 2:07-CV-01009-MCE-KJM (E.D. Cal.). At all relevant times, Debtor was Unico's President, majority shareholder, and key employee. Immediately before he implemented the OEL Arrangement, Potter owned, directly or indirectly, 100 percent of Unico's stock. The debtor is currently the sole shareholder of Unico.

5) The goal of this motion is to consolidate for discovery and trial, the Potter Federal Tax Disputes and the Unico refund suit, which are intertwined and arise from the same transactions. For example, one issue in Potter is the taxation of payments made by Unico which the United States contends is compensation to Debtor. The interconnected issue in Unico is whether the payments made by Unico on the debtor's behalf constitute wages for purposes of the employment tax liabilities. The same offshore entities are at issue in both Potter and Unico. Both cases will require consideration of the same complex international transactions and entail significant federal tax questions of first impression.

6) The debtor is indebted to the United States for the following income tax liabilities for the following tax periods:

| Tax Period | Amount owed as of petition date | Type of claim |
|---|---|---|
| 1998 | $ 333,601.45 | Secured |
| 1999 | $1,443,052.61 | Secured |
| 2000 | $ 678,965.00 | Secured |
| 2001 | $ 765,036.10 + penalties | Unsecured general |
| 2002 | $ 274,710.82 + penalties | Priority unsecured |
| 2003 | $ 352,372.96 + penalties | Priority unsecured |
| 2004 | $ 350,000.00 + penalties | Priority unsecured |
| 2005 | $ 350,000.00 + penalties | Priority unsecured |

7) The debtor was also assessed numerous penalties under I.R.C. § 6677 for failure to abide by the certain reporting requirements of I.R.C. § 6048 in the following amounts:

| Tax Period | Form 3520 Penalty 35% | Form 3520-A Penalty 5% | Form 5471 Penalty | Total Penalties per tax period |
|---|---|---|---|---|
| 1998 | $425,810.00 | $ 64,870.70 | $10,000.00 | $500,680.70 |
| 1999 | $167,125.00 | $ 97,224.02 | $10,000.00 | $274,349.02 |
| 2000 | $ 87,815.74 | $150,609.28 | $10,000.00 | $251,425.02 |
| 2001 | $173,797.82 | $194,561.25 | $10,000.00 | $378,359.07 |
| 2002 | $133,060.80 | $229,356.59 | $10,000.00 | $372,417.39 |
| 2003 | $ 4,261.25 | $229,141.00 | $10,000.00 | $243,402.25 |
| 2004 | $125,790.00 | $246,502.25 | $10,000.00 | $382,292.25 |
| 2005 | $ None | $246,502.25 | $10,000.00 | $256,502.25 |

8) Debtor was involved in an offshore employee leasing tax avoidance scheme described in Notice 2003-22, 2003-18 I.R.B. 851, 1 C.B. 851 (IRB 2003). The Service refers to this transaction as OEL (Offshore Employee Leasing).

9) Essentially the scheme involves the following:

In a typical OEL scheme, an individual taxpayer (Individual Taxpayer) [**Potter**] purports to terminate his existing employment relationship with a domestic corporation (Service Recipient Corporation) [**Unico Industrial Services, Inc.**]. The Individual Taxpayer then purports to enter into an employment relationship with a foreign corporation (Foreign Leasing Corporation) [**Pixley Services, Inc and then International Employment Services, Inc. (IESI)**] that is domiciled in a country with which the United States has an income tax convention (**Ireland in this instance and then Barbados**). The Foreign Leasing Corporation purports to lease the right to the Individual Taxpayer's services in the United States to a domestic corporation (Domestic Leasing Corporation) [**Release Me and then Fair Skys**]. The Domestic Leasing Corporation, in turn, purports to lease the Individual Taxpayer's services to the Service Recipient Corporation (**Unico**). After entering into this sham arrangement, the Individual Taxpayer continues to provide substantially the same services for the Service Recipient Corporation that he provided before entering into this scheme.

10) Trying the cases separately risks conflicting decisions on the same transactions and would duplicate judicial effort. The Offshore Employee Leasing ("OEL") Arrangement between Debtor and Unico was employed by numerous taxpayers, thus a decision in this case will have a substantial fiscal impact.

11) The United States requests pursuant to 28 U.S.C. § 1412, that the Court transfer venue in the Potter Federal Tax Disputes to the Eastern District of California if the Court grants the Unites States Motion to Withdraw the Reference.

12) Local Rule 5011-2 provides that:

> A motion to withdraw a case or proceeding under 28 U.S.C. § 157(d) shall be filed with the Clerk of the Bankruptcy Court. The Clerk of the Bankruptcy Court shall transmit the motion forthwith to the District Court. The motion shall be assigned by the Clerk of the District Court to a Judge of the District Court pursuant to the Assignment Plan.

13) The United States requests that this matter be transferred to the District Court in accordance with Local Rule 5011-2(a).

14) This motion is further supported by a memorandum of points and authorities which is being filed concurrently with this motion.

WHEREFORE, it is prayed that this motion be granted.

SCOTT N. SCHOOLS
United States Attorney

THOMAS MOORE
Assistant United States Attorney
Acting Chief, Tax Division

Dated: September 7, 2007         By: /S/ **THOMAS M. ROHALL**
                                 THOMAS M. ROHALL Bar no. 12201
                                 Special Assistant United States Attorney

*U.S. Motion to Withdraw Reference and Change Venue*                                   -4-