SCOTT N. SCHOOLS, S. Carolina Bar No. 9990
United States Attorney
THOMAS MOORE (ASB 4305-078T)
Assistant United States Attorney
Chief, Tax Division
9th Floor Federal Building
450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102
Tel. No. (415) 436-7017
Fax No. (415) 436-6748

THOMAS M. ROHALL, Wash. St. Bar No. 12201
Special Assistant United States Attorney
4330 Watt Ave., Suite 470
Stop No. SA 2801
Sacramento, CA 95821-7012
Tel. No. (916) 974-5700
Fax No. (916) 974-5732
Attorneys for United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

|  |  |
|---|---|
| In re:  DEAN GORDON POTTER,<br><br>Debtor, | Civil No. C 07-CV-04826 CW<br><br>Bankr. No.  06-42425-LT-11<br><br><br>**UNITED STATES' REPLY TO OPPOSITION TO MOTION TO WITHDRAW REFERENCE and TO TRANSFER VENUE** |

The United States of America, through undersigned counsel, hereby replies to "Dean Gordon Potter's, Debtor, Opposition to the United States of America's Motion to Withdraw Reference and to Transfer Venue" ("Opposition").[1]   The District Court has referred this motion to the Bankruptcy Court for recommendations.

_____

[1] The debtor's Opposition was captioned with an incorrect case number.

1    The United States filed this motion for mandatory withdrawal of this Court's reference of

2   debtor Dean Gordon Potter's federal tax dispute[2] to the United States Bankruptcy Court for the

3   Northern District of California.  The United States further requested that the Court transfer the

4   entire tax proceeding to the Eastern District of California, where a closely related federal tax

5   refund suit is currently pending, *Unico Services Inc. v. United States*, no. 2:07-CV-01009-MCE-

6   KJM (E.D. Cal.).  The goal of this motion is to consolidate the Potter and Unico matters, which

7   are intertwined and arise from the same transactions, for discovery and trial.  All of the tax

8   issues stem from an offshore employee leasing arrangement (the "OEL Arrangement")

9   engaged in by Potter and Unico.[3]

10    The debtor's Opposition, filed September 26, 2007, in the District Court case, makes

11   three arguments:  (1) the motion to withdraw the reference was not timely, (2) withdrawal is not

12   appropriate, and (3) transfer of venue is not required.  The arguments of the debtor lack merit

13   as discussed below.

14    1.    **The Motion to Withdraw the Reference Was Timely.**

15    The debtor argues that the United States has been aware of the tax issues since the

16   Potter bankruptcy case was filed, some nine months before the motion to withdraw the

17   reference.  The United States agrees that a motion to withdraw the reference must be filed

18   timely under the circumstances of each case, but disagrees as to when the clock begins

19   ticking.

20    The goal of this motion is to bring together two cases filed which concern the same

21   transactions.  The United States filed this motion on September 7, 2007,  a total of three weeks

22   after its timely-filed Answer in the Unico corporate employment tax refund case, which

23   concerns only Potter's earnings.  The United States submits that the promptness of the motion

25   [2] The Potter federal tax dispute includes an adversary proceeding for tax refund and the
26   debtor's objection to the IRS claim.  The United States does not seek to withdraw the reference
     as to the entire bankruptcy case.

27   [3] Only a bare outline of the full circular transaction was presented in this motion.  The
28   portion where Potter makes transfers offshore to Namur, which eventually takes ownership of
     the money held offshore through Pixley or IESI, deserves mention.

1  should be measured from the time it was required to respond in the Unico matter.

2  Rule 12 of the Federal Rules of Civil Procedure provides the United States with sixty days to

3  respond to a complaint, in recognition of the agency coordination that must occur before a

4  good faith response can be filed by the United States.  To insist that the motion to withdraw

5  must be filed before the answer was due would cut short the response time provided by the

6  federal rules.

7          "There is no specific time limit for applications under 28 U.S.C. § 157(d) to withdraw a

8  reference to the bankruptcy court ...." *Lone Star Indus. v. Rankin County Economic Dev. Dist.*

9  *(In re New York Trap Rock Corp.)*, 158 B.R. 574, 577 (S.D.N.Y.1993).  However, the language

10 of 28 U.S.C. § 157(d) requires that there be a "proceeding" to withdraw, i.e. a contested matter

11 or an adversary proceeding between the debtor and a creditor.  *In re CM Holdings*, 221 B.R.

12 715, 720 (D. Del. 1998).  The debtor argues that the timeliness of the motion to withdraw

13 should be measured from the filing of the bankruptcy petition.  This ignores the language in 28

14 U.S.C. § 157(d) which requires a contested matter or adversary proceeding.

| CASE | TYPE OF CASE | WHEN FILED | ACTION | LOCATION |
|---|---|---|---|---|
| In re Potter, No. 06-42425-11-LT | Chapter 11 bankruptcy case | 12/12/06 | 06/06/07 IRS Claim Filed | Oakland Bankr. Court |
| Potter v. U.S. No. 07-04066-LT | Tax refund Adversary Proc. for the 1998 year | 04/09/07 | 8/22/07 US Answer filed | Oakland Bankr. Court |
| Unico v. U.S. No. 02-07-01009 MCE | Tax refund case for tax on Potter payroll | 05/29/07 | 8/17/07 US Answer filed | Sacramento District Court |
| In re Potter, No. 06-42425-11-LT | Objection to IRS proof of claim | 06/28/07 | | Oakland Bankr. Court |
| In re Potter, No. 4-07-CV-074826 CW | Motion to Withdraw Reference | 09/07/07 | | Oakland Bankr. Court |

        The Court should note, as set forth in the table above, that the initial filing of an

adversary proceeding to seek a tax refund for one year was filed by the debtor **before** any

1  proof of claim was filed by the Internal Revenue Service.  This adversary pertained to a small

2  portion of the many years later at issue in the Service's proof of claim.  To count the time from

3  this adversary proceeding would essentially allow the debtor to accelerate the response time of

4  the United States, and would make multiple motions necessary as the true extent of the case

5  became evident.

6        In one case, a debtor argued that the dispute was at issue from the time the IRS filed its

7  proof of claim, some ten months before the motion to withdraw.  However, the court

8  determined that timeliness of a motion to withdraw a reference is governed from the point of

9  time when the debtor filed its objection, not when the IRS first filed its proof of claim.  *In re CM*

10  *Holdings*, 221 B.R. 715, 720 (D. Del. 1998).  Measured from debtor's objection in Potter, the

11  United States filed its motion within two months, less time allowed to respond.  This response

12  time is reasonable in this case, considering the complexity of this matter.  *See, e.g.*, *In re The*

13  *VWE Group, Inc.*, 359 B.R. 441 (S.D. N.Y. 2007)  (holding timely a motion to withdraw filed

14  four and one-half months after an adversary proceeding).

15        Cases which hold periods less than five months as untimely are largely predicated on

16  tactical delay and forum shopping, neither of which is present here.  *In re The VWE Group,*

17  *Inc.*, 359 B.R. at 447.  The United States does not seek to forum shop in this case, as it is

18  equally content with the District Court of the Northern District or the Eastern District of

19  California.  In the Bankruptcy Court, however, there is no possibility that the Unico trial, which

20  will require adjudication of the same facts, could be consolidated with the bankruptcy trial,

21  since the debtor is not a party.  Furthermore, this case concerns a tax shelter which has not

22  been litigated and such trials often require five weeks of continuous trial time.  Continuous trial

23  time would be absolutely essential in order to unwind the deliberately complicated offshore

24  scheme.  In the experience of the counsel for the United States, the Bankruptcy Court docket

25  does not permit such continuous trial time, which is routinely available in District Court.

26        Unico, an entity controlled by Potter, created the potentially conflicting, double-trial

27  problem by filing its tax refund suit in Sacramento and serving its complaint on the United

28  States in June of 2007.   In August of 2007, the United States filed its timely answer in the

1    Unico case, and three weeks later filed this motion to seek to consolidate this tax dispute in a

2    suitable jurisdiction. Filing a motion to withdraw the reference within three weeks is certainly

3    timely.  Even if the two-month period from the filing of the debtor's objection to claim is

4    considered, it should be considered timely, particularly where a complex tax matter is at issue.

5    The timing of the motion has not prejudiced the debtor and has not interfered with the

6    administration of the bankruptcy estate.   As a practical matter, all the related actions are in

7    their preliminary stages, with minimal to no discovery completed.  The Court should

8    recommend that this motion was filed in a timely manner in these circumstances.

9        2.    **Withdrawal of the Reference is Appropriate Here.**

10       The debtor argues that this case involves familiar tax doctrines of "substance over form,"

11   "step-transaction" and "economic substance."  Although debtor describes these as "factual"

12   doctrines, they are judicially-created doctrines.

> The economic substance doctrine represents a judicial effort to enforce the statutory
> purpose of the tax code. From its inception, the economic substance doctrine has been
> used to prevent taxpayers from subverting the legislative purpose of the tax code by
> engaging in transactions that are fictitious or lack economic reality simply to reap a tax
> benefit. In this regard, the economic substance doctrine is not unlike other canons of
> construction that are employed in circumstances where the literal terms of a statute can
> undermine the ultimate purpose of the statute.

17   *Coltec Industries, Inc. v. United States*, 454 F.3d 1340, 1353 (Fed. Cir. 2006) (rejecting

18   Constitutional challenge to economic substance doctrine.)[4]

19       The debtor attempts to distinguish the cases cited in support of this motion by noting

20   that they required specialized or novel interpretations of non-bankruptcy law.  The debtor

21   describes this as "not a case of first impression." (Opposition, 10, ¶ ii)  However, the debtor

22   then **concedes** that this is a case of first impression:  "It may be the first case to determine

23   whether these factual doctrines apply to the case at issue involving the establishment of a

24   foreign non-qualified deferred compensation plan." (*Id*.)  The debtor fails to provide any case

25

26       [4] We do not suggest that Potter and Unico were strictly in compliance with the Internal
     Revenue Code.  Blatant violations did exist in the OEL Arrangement.  For example, payments
27   for non-qualified deferred compensation are not currently deductible by the corporation.  I.R.C.
     § 404.  But Unico did deduct the purported non-qualified deferred compensation.  Furthermore,
28   the compensation was not deferred because Potter retained control of it.

1   authority showing that the legality of the offshore employee leasing arrangement has been

2   adjudicated.

3         It is true that the Service has "listed" the transaction as being subject to challenge, but

4   this does not resolve the issues in this case.  IRS Notice 2003-22, 2003-18 I.R.B. 851, 1 C.B.

5   851 (IRB 2003).  As a result of the listing, taxpayers may need to disclose their participation in

6   this transaction as prescribed in Treas. Reg. § 1.6011-4, and promoters (or other persons

7   responsible for registering tax shelter transactions) may need to register these transactions

8   under Treas. Reg. § 301.6111-2.  However, "[t]he fact that a transaction is a reportable

9   transaction shall not affect the legal determination of whether the taxpayer's treatment of the

10  transaction is proper."  Treas. Reg. § 1.6011-4(a).  This case is one of first impression involving

11  the application of judicial doctrines to a very complex arrangement which was intended to

12  circumvent the requirements of the Internal Revenue Code.  The Court should recommend that

13  the District Court withdraw the reference here.

14        The debtor's claim that this is a simple case is disingenuous.  This matter is no less

15  difficult and significant than the disputes in *CM Holdings* and *G-I Holdings*.  *In re CM Holdings,*

16  *Inc.*, 221 B.R. 715, 721 (D. Del. 1998); *In re G-I Holdings, Inc.*, 295 B.R. 222 (D. N.J. 2003).

17  Both involved complex tax matters and are the cases most on point in this motion.  *CM*

18  *Holdings* concerned corporate-owned life insurance, in which premium payments on 1,400

19  employees were deducted, although the premiums were funded by loans on the policies.  This

20  represented an attempt to dodge restrictions on the deductibility of interest on loans on life

21  insurance.  In *G-I Holdings* a sale was disguised as a partnership formation in an attempt to

22  dodge capital gains tax on the profit on the sale.  Like those cases, this case will require the

23  Court to recharacterize transactions to reflect their substance and to avoid subversion of the

24  Internal Revenue Code.  Tax shelter cases have significance beyond the individual debtor and

25  should always be considered for withdrawal of the reference.

26        3.    **The Potter and Unico cases should be consolidated**.

27        The debtor in his Opposition admits that Potter's tax issues arose from the Unico audit

28  but argues that venue should not be transferred to permit consolidation.  The debtor claims that

- 6 -        *U.S. Reply - Withdraw Reference Motion*

1  different issues and different facts are at issue in the two cases.  The debtor further argues that

2  only the limited issue of unpaid employment tax (on Potter's income) is at issue in Unico.  The

3  debtor's assertions lack merit because all the issues in both cases arise directly from the same

4  facts, and should be tried in one proceeding.

5      The Court in Unico must determine (among other things) whether amounts held offshore

6  (purportedly non-qualified deferred compensation) were **currently taxable to Potter**, and so

7  subject to employment tax withholding at the corporate level.  The Court in Potter must

8  determine whether the same payments were **currently taxable to Potter**, to determine

9  whether additional individual income tax is due, as claimed on the IRS proof of claim.  If the

10  cases are not consolidated, it is possible the two courts will answer this question differently. On

11  the same payments, Unico claimed deductions against its taxable income.  This belies the

12  debtor's argument that the payments are non-qualified deferred compensation, because such

13  payments are not currently deductible.  I.R.C. § 404.  The United States is considering a

14  counterclaim against Unico, so that all tax liabilities of Unico arising from this OEL Arrangement

15  can be determined in one proceeding.  The debtor is not accurate in describing the issues in

16  Unico as narrow and limited; they are complex, significant, and intertwined.

17                                    **CONCLUSION**

18      Unico and Potter began, but did not finish, litigating portions of these tax liabilities in the

19  Tax Court and the Court of Federal Claims.  With cases in the Bankruptcy and District Courts,

20  Potter and Unico have now exhausted the list of possible federal judicial forums in the United

21  States.  The attempt at piecemeal litigation is a further effort to obscure the substance of the

22  intentionally complicated scheme at issue here.  The complexity and the use of tax havens in

23  the OEL Arrangement are further attempts to conceal the truth of this transaction, which at its

24  heart is merely the failure to report taxable income.  This Court should recommend the

25  withdrawal of the reference as to the Potter tax disputes and the transfer of venue under 28

26  U.S.C. § 1412 to the Eastern District of California, so that the complete tax shelter can be

27  reviewed in one proceeding.

28

1    The United States would appreciate the opportunity to present oral argument on this

2  motion, if the Court would consider it helpful.

3

4                                      SCOTT N. SCHOOLS,
                                       United States Attorney
5
  Dated: October 11, 2007             /s/ Thomas Moore
6                                      THOMAS MOORE
                                       Assistant United States Attorney
7                                      Chief, Tax Division
                                       9th Floor Federal Building
8                                      450 Golden Gate Avenue, Box 36055
                                       San Francisco, CA 94102
9                                      Tel. No. (415) 436-7017

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I, **KATHY TAT** declare:

That I am a citizen of the United States of America and employed in San Francisco County, California; that my business address is Office of United States Attorney, 450 Golden Gate Avenue, Box 36055, San Francisco, California 94102; that I am over the age of eighteen years, and am not a party to the above-entitled action.

I am employed by the United States Attorney for the Northern District of California and discretion to be competent to serve papers. The undersigned further certifies that I caused a copy of the following:

**UNITED STATES' REPLY TO OPPOSITION TO MOTION TO WITHDRAW REFERENCE and TO TRANSFER VENUE**

to be served this date upon the party(ies) in this action by placing a true copy thereof in a sealed envelope, and served as follows:

_X___ **FIRST CLASS MAIL** by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

____ **PERSONAL SERVICE (BY MESSENGER/HAND DELIVERED)**

____ **FACSIMILE (FAX)** No.: _____

to the parties addressed as follows:

John Gigounas
100 Pine Street, Suite 750
San Francisco, CA 94111

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on **October 11, 2007** at San Francisco, California.


_____ /s/ Kathy Tat
                 **KATHY TAT**
                 **Legal Assistant**