Case 4:07-cv-04826-CW   Document 7   Filed 10/28/2007   Page 1 of 9

Signed: October 28, 2007



_____
LESLIE TCHAIKOVSKY
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

DEAN GORDON POTTER,

    Debtor.
_____/

No. 06-42425 T
Chapter 11

**REPORT AND RECOMMENDATION RE MOTION TO
WITHDRAW THE REFERENCE OF JURISDICTION
(Case No. 4-07-CV-074826 CW)**

On September 7, 2007, the United States of America (the "IRS") filed a motion (the "Motion"), asking the United States District Court for the Northern District of California (the "Northern California District Court"): (1) to withdraw the reference of jurisdiction to the Bankruptcy Court with respect to certain tax disputes between the IRS and the above-captioned debtor (the "Debtor") pursuant to 11 U.S.C. § 157(d) and (2) to transfer the disputes to the United States District for the Eastern District of California (the "Eastern California District Court"). On October 2, 2007, the Northern California District Court referred the Motion to the Bankruptcy Court (the "Bankruptcy Case Judge") for a

recommendation. For the reasons stated below, the Bankruptcy Case Judge recommends that the Motion be granted.

## DISCUSSION

The Debtor is the president and majority shareholder of UNICO. Until 1998, the Debtor was also UNICO's key employee. However, in 1998, the Debtor entered into an arrangement that resulted in his services being leased to UNICO by a third party entity. The structure of the arrangement was such that, in theory at least, the Debtor received only a portion of the compensation paid by UNICO for the Debtor's services.

More precisely, the arrangement was as follows: The Debtor entered into an employment agreement with an Irish corporation entitled Pixley which assigned its rights in the Debtor to IESI, a Barbadian entity. The agreement gave the Debtor the right to certain fringe benefits, including a non-qualified deferred compensation plan upon retirement (the "Retirement Plan"). IESI then subleased the Debtor's services to ReleaseMe, a United States entity, which in turn assigned its right to the Debtor's services to Fair Skys, another United States entity. Finally, Fair Skys leased the Debtor's services to UNICO. UNICO paid Fair Skys for the Debtor's services. A portion of the compensation paid by UNICO for the Debtor's services were paid to the Debtor, which the Debtor reported as income and on which he paid federal income tax. A portion of the balance was retained by ReleaseMe and Fair Skys as fees. The balance was paid into the Retirement Plan.

recommendation. For the reasons stated below, the Bankruptcy Case Judge recommends that the Motion be granted.

## DISCUSSION

The Debtor is the president and majority shareholder of UNICO. Until 1998, the Debtor was also UNICO's key employee. However, in 1998, the Debtor entered into an arrangement that resulted in his services being leased to UNICO by a third party entity. The structure of the arrangement was such that, in theory at least, the Debtor received only a portion of the compensation paid by UNICO for the Debtor's services.

More precisely, the arrangement was as follows: The Debtor entered into an employment agreement with an Irish corporation entitled Pixley which assigned its rights in the Debtor to IESI, a Barbadian entity. The agreement gave the Debtor the right to certain fringe benefits, including a non-qualified deferred compensation plan upon retirement (the "Retirement Plan"). IESI then subleased the Debtor's services to ReleaseMe, a United States entity, which in turn assigned its right to the Debtor's services to Fair Skys, another United States entity. Finally, Fair Skys leased the Debtor's services to UNICO. UNICO paid Fair Skys for the Debtor's services. A portion of the compensation paid by UNICO for the Debtor's services were paid to the Debtor, which the Debtor reported as income and on which he paid federal income tax. A portion of the balance was retained by ReleaseMe and Fair Skys as fees. The balance was paid into the Retirement Plan.

The above-captioned chapter 11 bankruptcy case was filed on December 12, 2006. On April 9, 2007, the Debtor filed an adversary proceeding against the Internal Revenue Service (the "IRS") in the United States Bankruptcy Court for the Northern District of California, A.P. No. 07-4066 AT (the "Bankruptcy Court Action"), seeking an income tax refund for the tax year ending December 31, 1998. On May 29, 2007, an entity entitled UNICO Services, Inc. ("UNICO"), filed an action in the United States District Court for the Eastern District of California (the "District Court Action"), seeking a refund of employment taxes on the amount that UNICO paid for the Debtor's services. The IRS filed a timely proof of claim on June 6, 2007. The Debtor filed an objection to the IRS claim on June 28, 2007 (the "Objection to Claim").

The dispute presented by the Bankruptcy Court Action and objection to claim is whether the Debtor is obligated to pay income tax only on the portion of the compensation that he received directly from UNICO or also on the portion paid into the Retirement Plan. The dispute presented in the District Court Action is whether UNICO is required to pay withholding taxes on the compensation paid for the Debtor's services even though UNICO has not been allowed to claim this compensation as a salary deduction. The Debtor contends that the issues presented in the District Court Action are different from those presented in the Bankruptcy Court Action and Objection to Claim. However, they all turn on whether, notwithstanding the leasing arrangement described above, the Debtor should still be characterized as an employee of UNICO. Judicial economy would best

3

be served by having one court hear all matters. Since the Debtor is not a party to the District Court Action, it is more appropriate for the matters to be consolidated in the district court than in the bankruptcy court.

Section 157(d) of Title 28 of the United States Code permits the District Court to withdraw the reference of bankruptcy jurisdiction, in whole or in part, with respect to any case or proceeding pending in the Bankruptcy Court, either on its own motion or on a timely motion of any party, for cause shown ("Permissive Withdrawal"). It requires the District Court to withdraw the reference, on timely motion of a party, if resolution of the proceeding requires consideration of both Title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce ("Mandatory Withdrawal"). Because both Permissive and Mandatory Withdrawal require a motion by a party to be timely, the timeliness of the Motion is the first issue to be addressed.

**Timeliness of Motion to Withdraw**

The Debtor contends that the Motion is not timely because it was not filed until nine months after the bankruptcy petition was filed. The Debtor cites cases in which courts have concluded that motions filed after similar periods of time were untimely. See, e.g., Laine v. Gross, 128 B.R. 588, 589 (D.Me. 1991)(motion filed more than six months after complaint filed untimely); Hupp v. Educ. Credit Mgmt. Corp., 2007 WL 2703151, *4 (S.D. Cal. 2007)(motion filed more than fifteen months after complaint filed untimely); but see Burger King Corp. V. B-K of Kansas, Inc., 64 B.R. 728, 731 (D. Kan. 1986)(motion

granted although filed ten months after filing of counterclaim upon which motion to withdraw was based).

The IRS contends that the time should run not from date of the filing of the bankruptcy petition but from the date of the filing of the Objection to Claim. The Motion was filed a little more than two months from this date. Alternatively, the time might be considered to run from the date of filing the complaint in the Bankruptcy Court Action. The Motion was filed approximately five months from this date.

The Bankruptcy Case Judge agrees with the IRS that the time elapsed should not be counted from the petition date. The IRS is not moving to withdraw the reference of the bankruptcy case in its entirety nor would the Bankruptcy Case Judge recommend that the reference of the entire case be withdrawn. A chapter 11 debtor has various procedural and substantive obligations which the Office of the United States Trustee (the "UST") and the court must monitor. It would not make sense to impose these burdens on a district court.

Thus, at most the time elapsed in filing the Motion is five months. Although close to the six month delay found to be excessive in Laine, it is substantially less than the ten month delay found to be *just barely* acceptable in Burger King. Moreover, case authority shows that timeliness is not to be viewed in a vacuum.

The reason for the requirement of a timely motion is presumably twofold: (1) to avoid disrupting an ongoing proceeding in which the judge has already become familiar with the issues with a resulting delay and duplication of effort; and (2) to prevent parties from

using such motions as a litigation strategy when they do not like how things are going in the original forum. Neither reason would be served by denial of the Motion. Nothing of a substantive nature has occurred in the bankruptcy court with respect to the Debtor's disputes with the IRS, either in connection with the Objection to Claim or the Bankruptcy Court Action. In fact, the IRS has not even filed an answer to the complaint in the Bankruptcy Court Action.[1] Thus, the Bankruptcy Case Judge recommends that the District Court find that the Motion is timely.

**Withdrawal of the Reference**

As noted above, withdrawal of the reference is mandatory if the disputes raise issues of both bankruptcy law and other federal law affecting interstate commerce. Case law has interpreted this requirement as limited to substantial and material issues of other federal law. Withdrawal is not mandatory if the nonbankruptcy issues are governed by well settled law. See In re White Motor Corp., 42 B.R. 693, 705 (N.D. Ohio 1984); In re Columbia Gas Systems, Inc., 134 B.R. 808, 811 (D. Del. 1991).

The Debtor contends that the tax issue presented here is not substantial or material.[2] The IRS disagrees. The Bankruptcy Case Judge agrees with the IRS. Clearly, the multi-tiered arrangement renders the disputes factually complex. Moreover, the Debtor

---

[1] The parties stipulated that the IRS could delay filing an answer until August 23, 2007. However, to date, for reasons that are not apparent, no answer has yet been filed.

[2] He does not appear to argue that the dispute does not require consideration of laws affecting interstate commerce.

6

contends that the arrangement was structured by competent tax lawyers. The Court assumes that, if the law governing such arrangements was well settled, a competent attorney would not have structured a transaction in this fashion. Whether an employee leasing arrangement whereby a portion of the compensation is paid into a non-qualified retirement plan constitutes legitimate tax planning or a sham transaction constituting tax evasion appears to be a novel issue. Clearly, the issue has ramifications beyond this bankruptcy case. It seems inappropriate for the issue to be addressed in the first instance by a bankruptcy court, particularly where the bankruptcy case appears to have been filed for forum shopping purposes.

Moreover, even if the nonbankruptcy federal issue were not deemed material and substantial, for the reasons stated above, permissive withdrawal appears appropriate. There is a danger of inconsistent determinations if two different courts decide whether the Debtor should be characterized as UNICO's employee despite the employee leasing arrangement. Judicial economy would also best be served by a single court addressing that issue. There is no prejudice to the bankruptcy case from withdrawal of the reference as there is no ongoing activity in the case of any substance other than the tax disputes and time does not appear to be of the essence in resolving the disputes.

**Transfer of the Proceedings to the Eastern District**

The Bankruptcy Case Judge also recommends transferring the Bankruptcy Court Action and the Objection to Claim to the Easter

District Court. Judicial economy would best be served and inconsistent determinations avoided by consolidating the Eastern District Court Action with the Bankruptcy Court Action and Objection to Claim. While consolidation could also occur in the Northern District Court, the Debtor chose the Eastern District Court as a forum on behalf of UNICO and the IRS has indicated that it has no objection to litigating all matters there.

## CONCLUSION

The Bankruptcy Case Judge recommends that the Northern District Court:

1. Find that the Motion is timely;

2. Conclude that the Motion to withdraw the Objection to Claim and the Bankruptcy Court Action is either required or should be granted as a matter of discretion; and

3. Grant the Motion to transfer the Objection to Claim and the Bankruptcy Court Action to the Eastern District Court and assigned to the same judge presiding over UNICO Services, Inc. v. United States; case no. 2:07-CV-01009-MCE-KJM.

END OF DOCUMENT

COURT SERVICE LIST

Hon. Claudia Wilkens
United States District Court
1301 Clay Street, Ste. 400S
Oakland, CA 94612-5212

Thomas Moore
Assistant United States Attorney
Chief, Tax Division
9th Floor Federal Building
450 Golden Gate Ave., Box 36055
San Francisco, CA 94102

Thomas M. Rohall
Special Assistant United States Attorney
4330 Watt Ave., Ste. 470
Stop No. SA 2801
Sacramento, CA 95821-7012

John Gigounas
Gerald A. Holmes
100 Pine St., Ste. 750
San Francisco, CA 94111