IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re:                                    No. C 07-4826 CW
                                              C 08-0800 CW
DEAN GORDON POTTER,
                                          (Bk. No. 06-42425 RLE-11)
        Debtor.
                                          ORDER TO SHOW CAUSE WHY
                                          DEBTOR AND UNICO SHOULD
                                          NOT BE HELD IN CIVIL
                                          CONTEMPT (Docket No. 63)

_____/

UNICO Services INC.,

        Plaintiff,

    v.

UNITED STATES OF AMERICA.

        Defendants.

_____/

     On May 3, 2013, the government moved for an order to show
cause why Debtor Dean Gordon Potter and Plaintiff Unico Services
Inc. should not be held in civil contempt for their failure to
comply with this Court's March 21, 2013 scheduling order.  The
government submitted evidence with its motion that Debtor and
Unico have not fully complied with the March 21, 2013 order.
Debtor has filed an opposition asserting that he has made all
reasonable efforts to comply with the Court's orders.  However,

Debtor fails to support his filing with any sworn declarations or other evidence.  Moreover, as of the date of the government's reply, one week after Debtor's opposition was filed, Debtor had not provided the government with copies of documents to which he referred in his opposition and which he promised to produce.

Accordingly, Debtor and Plaintiff Unico Services Inc. are ORDERED TO APPEAR before this Court at 2:00 p.m. on August 8, 2013 in Courtroom 2 on the fourth floor of 1301 Clay Street, Oakland, California.  At that hearing Debtor and Unico must show cause why they should not be held in contempt for failure to comply with the March 21, 2013 scheduling order.  Debtor shall be subject to cross examination.  If Debtor in person and Unico through counsel and a corporate representative fail to appear at the hearing, they will be held in contempt and monetary sanctions will be imposed.

GOOD CAUSE APPEARING THEREFOR,

It is further ORDERED that:

1. Within one week of the date of this order, Debtor shall produce to the government all documents to which he referred in his response to the motion for an order to show cause, including but not limited to (1) the "2000 pages of investment records" he recently retrieved from Advantage Insurance Holdings, Ltd.; (2)  the "bank statements for the domestic leasing cos." referred to on page 8; (3) the records regarding the $101,500 business loss discussed at page 11;

2. No later than July 18, 2013, Debtor shall provide to the government and file with the Court:

   a.  A sworn declaration that includes dates of communications and attaches relevant evidence to support

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1    the description of his efforts to gather information

2    necessary to comply with the Court's order and any

3    obstacles to compliance.  In addition, the declaration

4    shall include information and attach supporting

5    documentation of the assets that have been liquidated to

6    date, the assets that have been deposited with the

7    Bankruptcy Court, and ongoing efforts to liquidate other

8    assets.  Finally, the declaration shall include

9    statements to support each of the contentions made on

10   information and belief in Debtor's opposition to the

11   Motion for Order to Show Cause, and shall include the

12   basis for such beliefs.

13   b. A written explanation of how Exhibit B to the

14   Supplemental Accounting filed April 22, 2013, tracks the

15   money Debtor sent offshore, including among other things

16   all purchases and sales of investments, fees paid,

17   interest and dividends earned, and capital gains and

18   losses.  Alternatively, Debtor may organize the 2000

19   pages of investment records "on a spreadsheet in the

20   format of daily transactions of Namur that would allow

21   the United States"-and the Court--"to more easily track

22   each investment, purchase, sale, dividend payment, and

23   interest payment" as discussed at page 4 of his May 17,

24   2013 filing.

25   c. A written explanation, with a supporting declaration

26   attaching any relevant documents, to explain Debtor's

27   efforts to determine whether the disputed $96,300

28

transfer was for his benefit as discussed at page 8 of his May 17, 2013 filing.

d.  The proposed estimate of interest or other taxable income earned through the foreign leasing companies and the reasonable amount of tax on that income that he offered to calculate at page 9 of his May 17, 2013 filing.

3. No later than July 25, 2013, the government shall file a brief of five pages or less, discussing the adequacy of the documents produced and filed in response to this order.

4. The case management conference previously scheduled for July 24, 2013 is continued to August 8, 2013.

IT IS SO ORDERED.

Dated: 7/3/2013

CLAUDIA WILKEN
United States District Judge